UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | JUDGE PAUL R. MATIA |
| ) | |
| Plaintiff ) | CASE NO. 5:94CR332-003 |
| ) | |
| -vs- ) | |
| ) | <u>MEMORANDUM OF OPINION</u> |
| RALPH BLUE ) | <u>AND ORDER</u> |
| ) | |
| ) | |
| Defendant ) | |

On December 15, 1994, defendant, Ralph Blue ("Blue"), was found guilty by a jury of possession of unregistered firearms and weapons in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871 and two counts of felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  Judge Sam H. Bell sentenced him to a term of imprisonment of 262 months, 4 years supervised release and required him to pay a special assessment of $150.00.  His conviction was affirmed by the Sixth Circuit Court of Appeals on July 5, 1996.  Blue then filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 which Judge Bell denied on December 19, 1997.  On May 3, 1999, Blue's case was reassigned to Judge Paul R. Matia who denied motions for new trial and for reconsideration in the same year.  Subsequently, the Sixth

Circuit denied Blue's motion for an order authorizing the district court to consider a second § 2255 motion.  This matter is now before the Court upon Blue's motion to correct sentence and modify judgment pursuant to 18 U.S.C. § 3582.  (Doc. 122).

18 U.S.C. § 3582, provides:

The court may not modify a term of imprisonment once it has been imposed except that--

1. in any case--

**(A)** the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that

**(i)** extraordinary and compelling reasons warrant such a reduction;_or

**(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

**(B)** the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

**(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering

the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Blue's argument for modification is based on *Blakely v. Washington,* _U.S_ 124 S.Ct. 2531 (2004) and *United States v. Booker,* _U.S._, 125 S.Ct. 738 (2005). 18 U.S.C. allows modification of sentence in certain situations that are not applicable here and are not implicated by the above cases.

The United States Supreme Court recently held in *United States v. Booker,* 125 S.Ct. at 742, that the mandatory nature of the federal guidelines rendered it incompatible with the Sixth Amendment's guarantee to the right to a jury trial. The Court reaffirmed its holding set forth in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* 125 S.Ct. at 756. In *Blakely,* the Court held that the application of the State of Washington's sentencing scheme violated the defendant's Sixth Amendment rights because it permitted an increase of the defendant's sentence on the basis of facts found by the judge and not by the jury. 124 S.Ct. at

2537-38.  See *Humphress v. United States*, 398 F.3d 855, 862 n.2 (6th Cir. 2005).

*Booker* and *Blakely* do not apply to Blue.  The ruling applies only to future cases and not retroactively to cases completed before the decisions were made.  *Humphress v. United States,* 398 F.3d at 860; *United States v. McReynolds, 397 F.3d 479, 480 (7th Cir. 2005); In re Anderson*, 396 F.3d 1336 (11th Cir. 2005); *Tuttamore v. United States*, 2005 WL 234368 *1 (N.D. Ohio Feb. 1, 2005); *Patterson v. United States*, 2004 WL 1615058 at * 4 (E.D. Mich. Jul. 2, 2004).

Accordingly, Blue's motion to correct sentence and modify judgment pursuant to 18 U.S.C. § 3582 is denied. (Doc.122).

IT IS SO ORDERED.

Date: May 4, 2005.                    /s/ Paul R. Matia
                                      UNITED STATES DISTRICT JUDGE


CERTIFICATE OF SERVICE

A copy of this Memorandum of Opinion and Order was filed electronically this 4TH day of May, 2005.  Notice of this filing will be sent to all parties by operation of the Court's

electronic filing system.  Parties may access this filing through the Court's system.  A copy of the foregoing Memorandum of Opinion and Order was also sent by United States mail on May 4, 2005 to Ralph Blue, Reg. # 52178-060, Federal Correctional Complex, Coleman-Low, P.O. Box 1031, Coleman, Florida 33521-1031.

/s/ Paul R. Matia
UNITED STATES DISTRICT JUDGE