UNITED STATES DISTRICT COURT
NONTHERN DISTRICT OF OHIO
------------------------------------------------------------
:
RALPH BLUE,                              :     CASE NO. 5:94-CR-332
                                         :
          Petitioner,                    :
                                         :
vs.                                      :     ORDER & OPINION
                                         :     [Resolving Doc. Nos. 129, 131 & 132]
UNITED STATES OF AMERICA                 :
                                         :
          Respondent.                    :
                                         :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On December 19, 1997, this Court denied *pro se* Petitioner Ralph Blue's 28 U.S.C. § 2255 motion.[1] Now, Blue has filed two additional § 2255 motions.[2] Because the Court finds that Blue's motions constitute successive petitions, under 28 U.S.C. § 2255(h), the Court **TRANSFERS** the motions to the United States Court of Appeals for the Sixth Circuit.

## I. Background

On December 14, 1994, a jury found Petitioner Blue guilty of three counts relating to his status as a felon and his possession of an unregistered firearm.[3] Blue filed a direct appeal with the Sixth Circuit Court of Appeals.[4] The Sixth Circuit affirmed Petitioner Blue's conviction and

---

[1] Docs. 77; 94.
[2] Docs. 129; 132.
[3] Doc. 58.
[4] Doc. 60.

Case No. 5:94:-CR-332
Gwin, J.

sentence.[5/]

Then, on October 7, 1996, Blue filed a § 2255 petition.[6/] In his petition, Blue asked the Court to vacate, set aside, or correct his sentence based on what he says was the Court giving the wrong counts for jury instruction, the jury finding him guilty of the wrong counts, the Court improperly constructively amending the indictment, and his counsel rendering ineffective assistance.[7/]

While that petition was pending, Blue filed a October 16, 1997 motion to amend his original petition, requesting that the Court allow him to add the issue of whether the district court erred in using an invalid conviction to sentence him as an Armed Career Criminal.[8/] The Court subsequently denied Blue's motion to amend, finding that "[t]his Court is an inappropriate forum for Petitioner to challenge his underlying state convictions."[9/]

Soon thereafter, the Court also denied Petitioner Blue's October 7, 1996 § 2255 petition.[10/] The Court found that Petitioner "fail[ed] to raise any meritorious claims upon which his sentence should be vacated, set aside, or corrected."[11/] After the Court denied his subsequent motions for reconsideration[12/] and for an evidentiary hearing,[13/] Petitioner Blue filed a notice of appeal.[14/] The Sixth Circuit denied Petitioner's certificate of appealability.[15/]

---

[5/] Doc. 75.
[6/] Doc. 77.
[7/] *Id.* at 5-6.
[8/] Doc. 86.
[9/] Doc. 92 at 3.
[10/] Doc. 94.
[11/] *Id.* at 9.
[12/] Doc. 97; 6/19/1998 Marginal Entry.
[13/] Doc. 98; 6/19/1998 Marginal Entry.
[14/] Doc. 102.
[15/] Doc. 105.

Case No. 5:94:-CR-332
Gwin, J.

Over the next three years, Petitioner Blue pursued various motions to litigate his claims, before finally filing a motion in 2001 with the Sixth Circuit requesting an order to authorize a second § 2255 petition, seeking to challenge his conviction pursuant to *Apprendi v. New Jersey*.[16] The Sixth Circuit denied Petitioner's request, holding that *Apprendi* is not retroactively applicable to cases on collateral review.[17]

After losing a motion pursuant to 18 U.S.C. § 3582 to reduce his sentence, Petitioner Blue filed a second motion to vacate under 28 U.S.C. § 2255.[18] In that September 24, 2012 motion, he says he is entitled to relief under § 2255 (f)(3).[19] He says that he should not have been sentenced as an Armed Career Criminal.[20] He says that the jury made no findings regarding his prior felony convictions.[21] He says that some of his prior convictions were a continuing scheme or episode not appropriately considered separate criminal activity.[22] He says that, under *Booker*,[23] *Blakely*,[24] and *Apprendi*,[25] the Court should not have imposed the mandatory minimum.[26] He also says that his felon in possession of a firearm is no longer a "crime of violence."[27]

The Government opposes this motion.[28] In addition to saying that the statute of limitations bars Petitioner Blue's claims, that *Booker*, *Blakely*, and *Apprendi* do not retroactivity apply to

---

[16] 530 U.S. 466 (2000). *See* Doc. 121.
[17] *Id.* (citing *Tyler v. Cain*, 121 S. Ct. 2478, 2481-82 (2001)).
[18] Doc. 129.
[19] *Id.*
[20] *Id.*
[21] *Id.* at 1.
[22] *Id.* at 2.
[23] *United States v. Booker*, 543 U.S. 220 (2005).
[24] *Blakely v. Washington*, 542 U.S. 296 (2004).
[25] 530 U.S. 466.
[26] Doc. 129 at 2.
[27] *Id.* at 3.
[28] Doc. 131.

-3-

Case: 5:94-cr-00332-JG  Doc #: 133  Filed: 09/20/13  4 of 7.  PageID #: 77

Case No. 5:94:-CR-332
Gwin, J.

Petitioner Blue's claims, and that Petitioner Blue's claims have no merit, the Government says that Petitioner Blue's September 24, 2012 petition is a successive petition.[29/]

Petitioner Blue then filed a third motion to vacate under 28 U.S.C. § 2255.[27/] This time Blue seeks relief under § 2255 (h)(1). In this August 6, 2013 petition, he says he is exempt from the one year statute of limitations because he makes a showing of actual innocence.[28/] He also says that the District Court erred in sentencing him under the Armed Career Criminal Act because his felon-in-possession or carrying a concealed weapon conviction does not comprise a "violent felony" and he should not have received the sentence the court imposed.[29/]

## II. Legal Standard

Before a federal prisoner can file a second or successive § 2255 motion to a district court, the court of appeals must authorize the filing.[30/] "[C]ourts have not, however, construed 'second or successive' to encompass all § 2255 motions or habeas petitions that are 'numerically' second in the sense that they are literally the second motion filed."[31/] And, generally, the prohibition on "second or successive" § 2255 petitions is "virtually identical" to that on § 2254 filings.[32/]

As a threshold matter, the phrase "second or successive" relates to the judgment challenged.[33/] If a petitioner therefore seeks to challenge the same judgment already the subject of a § 2255 petition,

---

[29/] *Id.*
[27/] Doc. 132.
[28/] *Id.* at 1-2.
[29/] *Id.* at 3-6.
[30/] *In re Clemmons*, 259 F. 3d 489, 491 (6th Cir. 2001); 28 U.S.C. §§ 2244(b)(3)(A), (C).
[31/] *Myers v. Coleman*, 2:12-CV-0975, 2013 WL 3984282, at *5 (S.D. Ohio Aug. 1, 2013) (Report and Recommendation) (alteration in the original) (quoting *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006) and citing cases).
[32/] *Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004) ("Indeed, there is no meaningful way to distinguish between § 2254 and § 2255 with respect to the restrictions imposed by the AEDPA.") (internal quotation marks omitted) (citing cases).
[33/] *Magwood v. Patterson*, 130 S.Ct. 2788, 2797 (2010).

-4-

Case No. 5:94:-CR-332
Gwin, J.

his petition must either (a) fall within an exception to the ban on second and successive petitions or (b) receive authorization from the court of appeals.[34]

In general, exceptions to the ban on second and successive petitions exist only in narrow circumstances, such as when a petitioner raises claims in a first petition which is dismissed without prejudice;[35] when a petitioner's claim is not ripe at the time he filed his first petition;[36] when petitioner's claims arise from a resentencing;[37] or when a petitioner files after a remedial appeal ordered in response to an earlier petition.[38] In other circumstances, petitioners must receive authorization from the court of appeals to file additional § 2255 petitions.

### III. Analysis

Currently before this Court are the two § 2255 petitions that Petitioner Blue filed. He filed one on September 24, 2012, and the other on August 6, 2013.[39] Because Petitioner Blue previously filed his October 7, 1996 § 2255 petition,[40] the Court must determine whether the instant § 2255 petitions are "second or successive" petitions requiring authorization from the Sixth Circuit.[41] The Court finds that both do.

---

[34] *See id.* at 2799 n.11; *see also In re Smith*, 690 F.3d 809, 809-10 (6th Cir. 2012).

[35] *See Slack v. McDaniel*, 529 U.S. 473, 488 (2000) (finding no successive petition where district court denied petitioner's initial petition without reaching the merits).

[36] *See Panetti v. Quarterman,* 551 U.S. 930, 938, 947 (2007) (finding no successive petition where petitioner raised a *Ford* claim that was previously unripe); *Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998) (same); *see also In re Jones*, 652 F.3d 603, 605 (6th Cir.2010) (finding no successive petition where the petitioner raised an *ex post facto* claim challenging the cumulative effect of amendments to state's parole system), *In re Bowen*, 436 F.3d at 705-06 (finding no successive petition where petitioner's ineffective assistance of counsel claim was not ripe at the time of his initial petition).

[37] *See, e.g., Lang v. United States*, 474 F.3d 348, 349 (6th Cir. 2007).

[38] *Storey v. Vasbinder*, 657 F.3d 372, 378 (6th Cir.2011) ("[A] petition filed after a remedial appeal, ordered in response to an earlier petition, is not second or successive within the meaning of § 2244(b) – even if it includes claims that could have been included, but were not, in the first petition." )

[39] Docs. 129; 132.

[40] Doc. 77.

[41] 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel fo the appropriate court of appeals . . . .").

-5-

Case No. 5:94:-CR-332
Gwin, J.

### A.  September 24, 2012 Petition

Petitioner Blue's filing of his September 24, 2012 petition requires Sixth Circuit authorization. This petition is plainly successive. Recall, it attacks the same sentence that his October 7, 1996 petition challenged. Recall, the district court entered a final judgment dismissing petitioner's October 7, 1996 § 2255 petition on the merits. Recall, the Sixth Circuit Court of Appeals denied both Petitioner Blue's request for a certificate of appealability and even Petitioner's request for an authorization to file a second or successive Section 2255 petition. Indeed, the basis for Petitioner's request for that authorization was to challenge his sentence pursuant to *Apprendi*.[42]

Even though the Sixth Circuit denied his request, Petitioner Blue filed this petition anyway. Given that this petition seeks to attack Blue's sentence based on *Apprendi*, it likely is the same petition for which the Sixth Circuit already denied authorization. Because this petition is unauthorized, the Court must transfer Blue's September 24, 2012 motion to the Sixth Circuit Court of Appeals.[43]

### B.  August 6, 2013 Petition

Blue's August 6, 2013 petition similarly requires Sixth Circuit authorization. Because Blue filed his August 6, 2013 § 2255 petition before the conclusion of his September 24, 2012 § 2255 petition, the Court could construe Blue's August 6, 2013 petition as a motion to amend his

---

[42] Doc. 121.

[43] *See In re Sims*, 111 F.3d 45, 47 (6th Cir.1997) (*per curiam*) ("[W]e hold that when ... a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631."); 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . or an appeal . . . is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought . . . .").

Case No. 5:94:-CR-332
Gwin, J.

September 24, 2012 petition.[44] Nevertheless, as described above, since this Court does not have Blue's September 24, 2012 petition properly before it, it does not have authority to grant such a motion to amend. Once again, the Court must transfer Blue's August 6, 2013 petition to the Sixth Circuit.[45]

### IV. Conclusion

The proper course, then, is to transfer both of Blue's pending § 2255 motions to Sixth Circuit.[46] Accordingly, the Court **TRANSFERS** Blue's September 24, 2012 and August 6, 2013 motions to the Sixth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated: September 20, 2013                          s/ *James S. Gwin*
                                                                          JAMES S. GWIN
                                                                          UNITED STATES DISTRICT JUDGE

---

[44] *Avila v. United States*, 06-cv-263, 06-cv-577, 2007 WL 869723, at *1 (S.D. Ohio Mar. 20, 2007) (citing *Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002)).

[45] *See In re Sims*, 111 F.3d at 47 ("[W]e hold that when ... a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631."); 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . or an appeal . . . is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought . . . .").

[46] *See In re Sims*, 111 F.3d at 47; 28 U.S.C. § 1631.